UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ALEX VEGA,

                        Plaintiff,

v.                                                 9:04-CV-0750
                                                      (GTS/ATB)

MR. LAREAU, Corrections Sergeant;
G. LABONTE, Corrections Officer; and
MR. GARBERA, Corrections Officer,

                        Defendants.
_____

APPEARANCES:                               OF COUNSEL:

ALEX VEGA, 92-B-2418
  Plaintiff, *Pro Se*
Wende Correctional Facility
P.O. Box 1187
Alden, New York 14004

HON. ANDREW M. CUOMO              CHARLES J. QUACKENBUSH, ESQ.
  Attorney General for the State of New York    Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

HON. GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Currently before the Court, in this *pro se* prisoner civil rights action filed by Alex Vega ("Plaintiff") against three employees of the New York State Department of Correctional Services ("Defendants") pursuant to 42 U.S.C. § 1983, are (1) Defendants' motion for summary judgment (Dkt. No. 66), and (2) United States Magistrate Judge Andrew T. Baxter's Report-Recommendation recommending that Defendants' motion be granted and that Plaintiff's Amended Complaint be dismissed with prejudice (Dkt. No. 71). Plaintiff has not filed an

Objection to the Report-Recommendation and the time in which to do so has expired. For the following reasons, the Report-Recommendation is accepted and adopted in its entirety; Defendants' motion for summary judgment is granted in its entirety; and Plaintiff's Amended Complaint is dismissed with prejudice in its entirety.

I.     RELEVANT BACKGROUND

    A.     **Plaintiff's Amended Complaint**

On February 25, 2005, Plaintiff filed his Amended Complaint in this action. (Dkt. No. 30.) On March 26, 2009, the Court issued a Decision and Order dismissing all Defendants in this action except Defendants Lareau, LaBonte, and Garbera, and all claims in this action except the following: (1) Plaintiff's First Amendment retaliation claim against Defendants LaBonte, Garbera, and Lareau; and (2) Plaintiff's Fourteenth Amendment equal protection claim against Defendant LaBonte. (Dkt. No. 65.) Familiarity with the factual allegations of Plaintiff's Amended Complaint that are asserted in support of these two claims is assumed in this Decision and Order, which is intended primarily for review by the parties. (*See generally* Dkt. No. 30.)

    B.     **Defendants' Motion for Summary Judgment**

On April 22, 2009, Defendants filed a motion for summary judgment seeking dismissal of Plaintiff's Amended Complaint in its entirety. (Dkt. No. 66.) In support of their motion, Defendants argued as follows: (1) Plaintiff has not adduced admissible record evidence establishing either his claim of retaliation or his claim of equal protection; and (2) based on the current record, Defendants are protected from liability as a matter of law by the doctrine of qualified immunity. (Dkt. No. 66, Attach. 2.)

On June 1, 2009, after he received an extension of time in which to do so, Plaintiff submitted his response in opposition to Defendants' motion. (Dkt. No. 68.) In that response, Plaintiff consented to the dismissal of all claims against Defendants Lareau and Garbera. (Dkt.

No. 68 at 1.) However, Plaintiff argued that his claims against Defendant LaBonte should not be dismissed because Defendant LaBonte discriminated and retaliated against him based on what Defendant LaBonte perceived to be his sexual orientation. (Dkt. No. 68.)

On June 2, 2009, Defendants submitted their reply. (Dkt. No. 69.) In their reply, Defendants argued that Plaintiff's claims against Defendant LaBonte should be dismissed because (1) Plaintiff has not adduced admissible record evidence establishing either his claim of retaliation or his claim of equal protection against Defendant LaBonte, and (2) Defendant LaBonte is protected from liability as a matter of law by the doctrine of qualified immunity. (*Id.* at 1-2.)

On January 4, 2010, the Court issued an Order reassigning the case from Chief United States Magistrate Judge Gustatve J. DiBianco (who had recently retired) to Magistrate Judge Baxter. (Dkt. No. 70.) On March 16, 2010, Magistrate Judge Baxter issued a Report-Recommendation recommending that Defendants' motion be granted and Plaintiff's Amended Complaint be dismissed in its entirety. (Dkt. No. 71.) Familiarity with the findings of fact and conclusions of law issued by Magistrate Judge Baxter in that Report-Recommendation is assumed in this Decision and Order, which (again) is intended primarily for review by the parties.

## II. APPLICABLE LEGAL STANDARDS

### A. Legal Standard Governing Review of a Report-Recommendation

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1)(C).[1]

---

[1] On de novo review, "[t]he judge may . . . receive further evidence . . . ." 28 U.S.C. § 636(b)(1)(C). However, a district court will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the Magistrate Judge

When only general objections are made to a magistrate judge's report-recommendation, the Court reviews the report-recommendation for clear error or manifest injustice. *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).² Similarly, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice. *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted]. After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

   B.   **Legal Standard Governing a Motion for Summary Judgment**

Magistrate Judge Baxter correctly recited the legal standard governing a motion for summary judgment. (Dkt. No. 71 at 11-13.) As a result, this standard is incorporated by reference in this Decision and Order.

**III.   ANALYSIS**

After carefully reviewing all of the papers in this action, including Magistrate Judge Baxter's Report-Recommendation, the Court concludes that the Report-Recommendation is not

---

in the first instance. *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate").

   ²   *See also Vargas v. Keane*, 93-CV-7852, 1994 WL 693885, at *1 (S.D.N.Y. Dec. 12, 1994) (Mukasey, J.) ("[Petitioner's] general objection [that a] Report ... [did not] redress the constitutional violations [experienced by petitioner] . . . is a general plea that the Report not be adopted ... [and] cannot be treated as an objection within the meaning of 28 U.S.C. § 636."), aff'd, 86 F.3d 1273 (2d Cir.), *cert. denied*, 519 U.S. 895 (1996).

4

clearly erroneous. Magistrate Judge Baxter employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Court accepts and adopts the Report-Recommendation in its entirety for the reasons stated therein.[3] The Court would add only one point.

In his response to Defendants' motion, Plaintiff expressed an intention to "hereby withdraw" his claims against Defendants Garbera and Lareau. (Dkt. No. 68, Plf.'s Decl., ¶ 2.) Of course, Plaintiff could not unilaterally withdraw his claims (i.e., without a Court Order), because an Answer (as well as a motion for summary judgment) had already been filed. Fed. R. Civ. P. 41(a)(1)(A)(i). Even if the Court were to liberally construe Plaintiff's "withdraw[al]" of his claims as a request for a Court Order dismissing those claims *without prejudice* "on terms that the court considers proper" pursuant to Fed. R. Civ. P. 41(a)(2), the Court would deny that request based on a finding that a dismissal *with prejudice* would be, and is, more appropriate. This is because (1) Defendants have expended the time and effort to file a motion for summary judgment requesting the dismissal of those claims, (2) the Court has found that this request is facially meritorious for the reasons stated in Defendants' motion papers (as well as the reasons stated in Magistrate Judge Baxter's Report-Recommendation), and (3) Plaintiff has failed to oppose this request.[4] For all these reasons, Plaintiff's entire Amended Complaint is dismissed

---

[3] The Court notes that the Report-Recommendation would survive even a *de novo* review.

[4] In this District, a movant's burden with regard to an unopposed motion is lightened such that, in order to succeed, the movant need only show its entitlement to the relief requested in its motion, which has appropriately been characterized as a "modest" burden. *See* N.D.N.Y. L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein . . . ."); *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1 n.1 (N.D.N.Y. Oct. 30, 2009) (Suddaby, J.) (collecting cases). The Court notes that, here, Plaintiff was specifically notified of the consequences of failing to oppose Defendants' motion for summary judgment.

*with prejudice.*

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Baxter's Report-Recommendation (Dkt. No. 71) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 66) is **GRANTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Amended Complaint (Dkt. No. 30) is **DISMISSED with prejudice** in its entirety.

Dated: July 2, 2010
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge

---

(Dkt. No. 66, Attach. 1.)